UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELIAS ABELINO CARRETO-MENDEZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*

Respondents.

Case No. 1:26-cv-03781 (VC)

**ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 29

Petitioner Elias Abelino Carreto-Mendez is an immigration detainee currently held in ICE custody. He filed a second amended petition for writ of habeas corpus alleging that he is being unlawfully detained under 8 U.S.C. § 1231(a) and is entitled to the process under 8 U.S.C. § 1226(a). *See* Dkt. No. 29-2 at 5–8. For the reasons that follow, the petition is GRANTED in part, and Respondents are ordered to provide Petitioner with a bond hearing pursuant to § 1226(a) within fourteen days.

## I. BACKGROUND

Petitioner is a citizen of Guatemala. Dkt. No. 9-1 at 2. He entered the United States as a minor in February 2012 and was arrested by U.S. Border Patrol near Eagle Pass, Texas. *Id*. DHS subsequently issued him a Notice to Appear, placing him in removal proceedings, and released him from custody. *Id*. Petitioner did not appear for his removal hearing in December 2013 and, as a result, he was ordered removed. *See* Dkt. No. 9-2. He alleges that he was not provided notice of the date and time for the hearing and that, up until his recent arrest by ICE, he was unaware that he had been ordered removed. *See* Dkt. No. 29-2 at 2.

Respondents claim that they were unable to locate Petitioner to execute his removal order until May 2026. *See* Dkt. No. 9 at 2. In early May 2026, ICE was notified that Petitioner was to be released from the San Joaquin County jail following an arrest for possession of a controlled

substance. Dkt. No. 9-1 at 2–3. ICE arrested Petitioner on May 6, 2026 as he was leaving the county jail. *Id.* That same day, ICE served Petitioner with a "Warrant of Removal/Deportation" informing Petitioner that he was subject to a final order of removal. Dkt. No. 9-4 at 1.

Since his arrest, Petitioner has worked to rescind his removal order. In June 2026, he appealed the order to the Board of Immigration Appeals ("BIA"). Dkt. No. 21-1 at 5. The appeal was dismissed a month later. He subsequently filed a petition for review of the dismissal with the Ninth Circuit, along with a motion to stay his removal. Dkt. No. 29-2 at 3. In August 2026, the Ninth Circuit entered a temporary stay of Petitioner's removal order. *Id.* As of the date of this order, the stay is allegedly still in effect and the petition for review remains pending. *Id.* at 4.

## II. DISCUSSION

Now that Petitioner's removal has been stayed by the Ninth Circuit, both parties agree that Petitioner's detention is controlled by § 1226(a). *See* Dkt. No. 31 at 1; Dkt. No. 32 at 2; *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008) ("We agree with [petitioner] and hold that § 1231(a) does not provide authority to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review."). Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). However, this detention is discretionary, and the Government "may release the [noncitizen] on … bond … or conditional parole[.]" 8 U.S.C. § 1226(a)(2)(A)–(B).

Petitioner maintains that he was wrongly detained under 8 U.S.C. § 1231(a), rather than § 1226(a), and that he is entitled to release from custody as a result. Though the parties agree that Petitioner's detention is controlled by § 1226(a) given the Ninth Circuit's recent stay of removal, § 1226(a) did not control prior to that stay. Section 1231(a) allows the Government to detain an individual following the entry of an administratively final order of removal. 8 U.S.C. § 1231(a)(1); 8 U.S.C. § 1231(a)(2); 8 U.S.C. § 1231(a)(6). Before the Ninth Circuit stayed Petitioner's removal in August 2026, an administratively final order of removal was in place. *See Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021) (holding that an IJ's in absentia removal order

becomes final upon the expiration of a noncitizen's 180-day deadline to move to reopen his removal proceedings). As Petitioner was not detained under the wrong statute, he is not entitled to release.

The appropriate relief here is a bond hearing pursuant to § 1226(a). Respondents concede Petitioner is entitled to such a hearing upon his request. *See* Dkt. No. 32 at 1–2. However, Petitioner argues that the burden of proof should be placed on the Government at the bond hearing. *See* Dkt. No. 32 at 4. In support, he points to post-November 2025 data showing that bond denials and bond amounts have increased at the Adelanto Immigration Court, suggesting that he will not receive meaningful process at any bond hearing. *See* Dkt. No. 29-4 at 56–61.

Petitioner has not shown that shifting the burden of proof is necessary on this basis. As a general matter, the Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022). And, though the data Petitioner points to is troubling, it does not necessarily show that Petitioner will receive an unfair hearing without court imposed safeguards at his particular hearing.

## III. CONCLUSION AND ORDER

Accordingly, the Second Amended Petition for Writ of Habeas Corpus is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 5, 2026

VINCE CHHABRIA
United States District Judge